**In the Matter of the Expunction of J.O.**

**No. 08–10–00283–CV.**

Court of Appeals of Texas, El Paso.

Nov. 2, 2011.

---

J.O., El Paso, pro se.

Jo Anne Bernal, County Atty., Ian R. Kaplan, Asst. County Atty., El Paso, for Appellant.

Charlie F. McNabb, City Atty., El Paso, for Appellee.

Before McCLURE, C.J., RIVERA, J., and ANTCLIFF, J.

## *OPINION*

GUADALUPE RIVERA, Justice.

El Paso County (the "County") appeals an order of expunction in favor of J.O. related to an arrest for possession of marijuana under two ounces. In a single issue the County contends J.O. is not entitled to an expunction because her subsequent conviction for disorderly conduct was the result of the arrest which she seeks to have expunged. We reverse and render.

## BACKGROUND

In January 2003, J.O. was charged by information with the offense of possession of marijuana, less than two ounces. Pursuant to a plea bargain, J.O. pleaded guilty to, and was convicted of a reduced charge, the offense of disorderly conduct. On May 14, 2010, J.O. filed a petition for expunction of all records related to the possession of marijuana offense pursuant to Article 55.01(a) of the Texas Code of Criminal Procedure.

According to the petition, no indictment or information had ever been presented against J.O. related to the possession charge, she had been released from custody on the charge, any charges "arising out of the transactions for which [J.O] was arrested have not resulted in a final conviction, have been dismissed, and are no longer pending," there was no community supervision ordered related to the charge, and she had not been convicted of a felony in the five years prior to the arrest. In response, the County argued that J.O. had no right to an expunction of the possession offense because her conviction for disorderly conduct was a result of the arrest in violation of subsection (a)(2)(B) of Article 55.01.[1]

Following an evidentiary hearing, the trial court granted J.O's petition. In a single issue the County contends that the expunction order is prohibited by the Texas Code of Criminal Procedure, because the record demonstrated that J.O's final conviction for disorderly conduct was the result of the arrest she sought to have expunged. J.O. has not exercised her

1. On September 1, 2011, an amended, and entirely restructured Article 55.01(a) replaced the provisions at issue in this case. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 690, § 1, 2011 Tex. Gen. Laws 1651, 1651–1653,1655 (current version at Tex.Code Crim. Proc. Ann. art. 55.01(a) (West Supp 2010)). While we recognize the Legislature's action, the case before us was decided before the effective date of the most recent amendment and is governed by the prior statute. Citations to Article 55.01(a) in this opinion refer to the statute as it existed prior to September 1, 2011.

## ANALYSIS

right to respond to the County's argument on appeal.

 The right to an expunction is a statutory right. *In re E.R.W.*, 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). When, as in this case, the petitioner alleges that she is entitled to an expunction under subsection (a) of Article 55.01, the trial court has no discretion but to grant the petition if the statutory requirements are met.[2] *See In re S.D.*, 349 S.W.3d 76, 78 (Tex.App.-El Paso 2010, no pet.), *citing Ex parte Current*, 877 S.W.2d 833, 836 (Tex.App.-Waco 1994, no writ). By the same token, trial courts have no equitable power to grant expunction should the petitioner fail to establish her right to such by demonstrating strict compliance with the conditions imposed by Article 55.01. *See In re Expunction of Jones*, 311 S.W.3d 502, 504–05 (Tex.App.-El Paso 2009, no pet.); *see also In re E.R.W.*, 281 S.W.3d at 573 (noting that it is the petitioner's burden to establish the statutory requirements have been met).

In relevant part, Article 55.01(a)(2) provides the right to have all records of an arrest for the commission of a felony or misdemeanor offense expunged only if the petitioner establishes the existence of several conditions. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp 2010). If an indictment or information charging the person with commission of a felony was presented, the petitioner must demonstrate that the indictment or information has been dismissed or quashed. Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A). In addition, under subsection (A), the petitioner also must demonstrate either that the statute of limitations for the offense expired before the petition for expunction was filed or, obtain a trial court finding that the information or indictment was dismissed or quashed; because the petitioner completed a court ordered pretrial intervention plan according to Section 76.011 of the Texas Government Code, because there was a reason to indicate the presentment was without probable cause to believe the person committed the offense, or the indictment or information was otherwise void. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(i), (ii). Under subsection (B), the petitioner must also prove that she has been released from custody related to the charge, that the charge is no longer pending, that the charge "has not resulted in a final conviction," and with the exception of Class C misdemeanors, that there was no court ordered community supervision pursuant to Article 42.12. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B). Finally, the petitioner must establish that she was not convicted of a felony offense in the five years preceding the arrest. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(C).

 In the case before us, the only question is whether or not J.O. carried her burden to establish that the possession charge did not result in a final conviction. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B). During her testimony J.O. admitted to the 2003 arrest, and testified that as a result of that arrest, she pleaded guilty to disorderly conduct. After the

---

**2.** J.O's petition for expunction focused exclusively on the conditions specified by Article 55.01(a)(2), as the basis for the expunction. There is no allegation in this case that J.O. was ever tried and acquitted of the possession offense, nor that she was tried and subsequently pardoned, and therefore no basis in this record exists for an expunction pursuant to Article 55.01(a)(1). *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(1); *Tex. Dept. of Public Safety v. Olivares*, No. 13–06–035–CV, 2007 WL 2128889, at *3 (Tex.App.-Corpus Christi July 26, 2007, no pet.) (mem. op.).

close of evidence, J.O. argued that the disorderly conduct conviction did not bar expunction of the plea bargain offense, because the offense of which she was convicted was not a "lesser-included" offense of the offense for which she sought an expunction. J.O. concluded, therefore, that the reduced, plea bargain offense could not have "resulted" from the possession offense. The County responded, as it does in its appellate brief, by arguing that because J.O. pleaded guilty to disorderly conduct as part of a plea bargain which included the State's agreement not to prosecute her for the possession charge, her final conviction for the reduced offense was a "result" of the arrest and charge which was the subject of her expunction petition. The County concludes that J.O. cannot satisfy subsection 55.01(a)(2)(B), and failed to establish her right to an expunction.

In essence, this is a question of statutory construction. The foremost goal of statutory construction is to determine the Legislature's intent in enacting the provision. *Fitzgerald v. Advanced Spine Fixation Sys. Inc.*, 996 S.W.2d 864, 865–66 (Tex.1999). To determine legislative intent, the reviewing court will look primarily to the statute's plain language. *Lone Star HMA, L.P. v. Wheeler*, 292 S.W.3d 812, 816 (Tex.App.-Dallas 2009, no pet.). Where the statutory text is clear and unambiguous, it is determinative of legislative intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009).

Subsection (a)(2)(B) states only that a final conviction may not have "resulted" from the expunction offense. Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B). There is nothing in the provision or the surrounding statute to indicate that the Legislature intended to limit the "resulted from" requirement to final convictions for offenses which would otherwise be considered "lesser-included" of the expunction offense. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2). J.O. has not cited Texas precedent imposing such a limitation, and we have not been able to locate a holding to that effect by any court in the State. J.O's burden of proof included demonstrating that the offense she sought to have expunged did not result in a final conviction. *See* Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(B). The record demonstrates, and J.O. does not dispute, that she entered into the plea agreement which led to the disorderly conduct conviction as a result of her arrest for possession of marijuana. Because the evidence indicates that the final conviction was, in fact, a result of the arrest which J.O. sought to have expunged, J.O. did not carry her burden of proof regarding that condition. Because she failed to establish all conditions required for expunction under Article 55.01(a)(2), J.O. was not entitled to an expunction as a matter of law. *See In re Expunction of Ramirez*, 143 S.W.3d 856, 859 (Tex.App.-El Paso 2004, no pet.). Issue One is sustained.

## CONCLUSION

Having sustained Appellant's sole issue, we reverse the trial court's order granting the petition for expunction, and render judgment denying the same.