In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00456-CV

_____

TOMMIE ALLEN RINGO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 33274

**MEMORANDUM OPINION**

The trial court denied a petition for expunction filed by Tommie Allen Ringo and dismissed the civil case. In two issues, Ringo argues that the trial court erred in denying his petition and that the trial court abused its discretion in ruling on the petition without conducting a hearing where Ringo could appear personally or by telephone. We affirm the trial court's judgment.

In his petition for expunction of the record in cause number 10715JD of his arrest for arson, Ringo alleged that the offense was committed on June 1, 2009,

that the charges were dismissed or quashed, and that the statute of limitations and any tolling period had expired. Ringo attached to his petition a copy of a motion to dismiss that stated that the State moved to dismiss cause number 10715JD because Ringo had pleaded guilty and had been sentenced in cause number 10714JD, and a signed order, dated December 14, 2009, dismissing cause number 10715JD without prejudice. In the order on the petition for expunction, the trial court included a finding that the two offenses arose out of the same criminal episode.

In his first point of error, Ringo argues that the trial court's order denying Ringo's petition for expunction must be reversed because Ringo petitioned the trial court to expunge the records of his arrest for arson of a habitation on the basis that the indictment was dismissed or quashed because the presentment was the result of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe he committed the offense. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2013). According to Ringo, the trial court improperly treated his case as an offense for which Ringo was acquitted, but which arose out of a single criminal episode as an offense for which he was convicted. *See id.* art. 55.01(c).

We agree that Ringo has not alleged, and the record does not establish, that Ringo was acquitted or pardoned for the arson charged in cause number 10715JD,

as required for an expunction under article 55.01(a)(1)(A) or (b)(1), and that, consequently, article 55.01(c) does not apply to the case as pleaded by Ringo. However, Ringo affirmatively pleaded facts that establish he is not entitled to have his records expunged under article 55.01(a)(2). The documents attached to Ringo's petition show that the indictment in cause number 10715JD was dismissed because Ringo pleaded guilty and was sentenced in another case. They do not show the indictment in cause number 10715JD was dismissed because the presentment was made because of mistake, false information, or similar reason indicating the absence of probable cause to believe Ringo committed the offense, as required for expunction under article 55.01(a)(2)(A)(ii). *See id.* art. 55.01(a)(2)(A)(ii). Ringo also alleged he had been indicted for the arson arrest he was seeking to have expunged; therefore, he could not have been entitled to an expunction based on the State's failure to secure an indictment. *See id.* art. 55.01(a)(2)(A)(i). Finally, Ringo alleged the offense occurred June 1, 2009; therefore, Ringo could not have been entitled to an expunction of an arrest for an offense for which the applicable limitations period had expired. *See id.* art. 55.01(a)(2)(B); *see also* Tex. Code Crim. Proc. Ann. art. 12.01(2)(F) (West Supp. 2013).

Additionally, expunction is unavailable if the offense resulted in any final conviction. *See In re J.O.*, 353 S.W.3d 291, 293-94 (Tex. App.—El Paso 2011, no

3

pet.) (an arrest for possession of marijuana "resulted" in a final conviction when the petitioner entered a guilty plea to disorderly conduct). Ringo concedes the charge for arson of a habitation was dismissed in connection with his plea bargain in cause number 10714JD. Because the charge resulted in a final conviction, Ringo is not entitled to an expunction. *Id.* We, therefore, overrule Ringo's first point of error.

In his second point of error, Ringo claims the trial court abused its discretion by ruling on Ringo's petition for expunction without conducting a hearing where Ringo could appear in person or by telephone. "A trial court may rule on an expunction petition without conducting a formal hearing and without considering live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition." *Ex parte Mason*, No. 05-11-00046-CV, 2013 WL 1456632, at *2 (Tex. App.—Dallas Apr. 9, 2013, pet. denied) (mem. op.). Here, the trial court's order denying Ringo's request for findings of fact and conclusions of law indicates the trial court was able to resolve Ringo's request for expunction by reviewing the record before it. Because the record establishes that the trial court had the information it needed at its disposal to resolve the issues raised by the petition for expunction, the trial court did not err in refusing to conduct a formal hearing.

Ringo argues that if a hearing had been conducted, he would have presented evidence that the arson resulting in his conviction in cause number 10714JD occurred two weeks apart from and on the opposite end of the street from the arson that was charged in cause number 10715JD and ultimately dismissed without prejudice. Thus, Ringo argues, the arson charged in cause number 10715JD and the arson charged in cause number 10714JD arose out of different "criminal episodes," precluding application of article 55.01(c). We have already concluded, however, that article 55.01(c) does not apply in this case because Ringo did not allege, and the record does not establish, that Ringo was acquitted of the arson charged in cause number 10715JD. We note, however, that this information, if presented to the trial court, would not have established that the offenses alleged in the two cause numbers arose out of different criminal episodes. *See* Tex. Penal Code Ann. § 3.01 (West 2011) (describing criminal episode as the commission of two or more offenses, where the offenses are committed pursuant to the same transaction or two connected transactions, or offenses that are the repeated commission of the same or similar offenses). We overrule issue two, and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on March 6, 2014
Opinion Delivered March 27, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.