In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-14-00042-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

K.J.H., Appellee

On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 13-06-06780-CV

**MEMORANDUM OPINION**

In a single issue, appellant Texas Department of Public Safety ("DPS") challenges the trial court's order granting K.J.H.'s request for expunction. We affirm the trial court's judgment in part and reverse and render in part.

K.J.H. filed a petition for expunction of all criminal records arising from the following arrests: (1) April 20, 2007, for possession of a controlled substance, possession of marijuana, public intoxication, and possession of a dangerous drug; (2) February 17, 2010, for driving while intoxicated; and (3) August 10, 2010, for

misdemeanor driving while intoxicated. According to K.J.H., the possession charges were not filed, the public intoxication charge was dismissed, the August 10 DWI was dismissed, and the February 17 arrest "never resulted in a final conviction." DPS filed an answer, in which it contended that K.J.H. was ineligible for expunction of records pertaining to the August 10 arrest "because individual charges cannot be expunged when the arrest resulted in a conviction for another offense." Specifically, DPS argued that the August 10 arrest led to K.J.H. pleading guilty to obstructing a highway or passageway.

On October 17, 2013, the trial judge signed an order denying K.J.H.'s petition for expunction in its entirety. K.J.H. then filed a motion for new trial, in which she contended the trial court abused its discretion by entering an order "that is contrary to controlling case law." In addition, K.J.H. argued that no entity had objected to expunction of all records stemming from the April 20 arrest. The Montgomery County District Attorney's office ("the DA's office") filed a response, in which it agreed that K.J.H. was entitled to expunction of all records of the April 20, 2007, arrest, and should be "granted a partial expunction of records of her arrest on August 10, 2010." The DA's office contended that the August 10 arrest resulted in prosecution of K.J.H. for driving while intoxicated, but that charge was dismissed and K.J.H. was subsequently charged with and pleaded

2

guilty to the misdemeanor offense of obstructing a highway. According to the DA's office, K.J.H. "should be permitted to expunge the records of her DWI prosecution," but not the obstructing-a-highway case. The DA's office acknowledged the existence of a split of authority among the Courts of Appeals concerning whether partial expunctions were permissible under such circumstances.

The trial judge granted the motion for new trial and scheduled a hearing. At the hearing, K.J.H. testified that as a result of the August 2010 arrest, a jury was empaneled on the DWI charge, but the DA's office ultimately agreed to dismiss that charge and instead to charge K.J.H. with obstructing a highway or passageway.[1] K.J.H. testified that she then pleaded guilty to obstructing a highway, and the DWI charge was dismissed. K.J.H. explained that she requested expunction of the records pertaining to all four cases that arose from the April 2007 arrest, as well as the driving while intoxicated case from August 2010, but not the obstructing-a-highway case. DPS's counsel argued that the records pertaining to the August 2010 arrest for DWI should not be expunged because K.J.H. pleaded guilty to obstructing a highway and was convicted of that charge. After the

___

[1]During K.J.H.'s testimony, counsel and the trial court clarified that the August 2010 arrest was by warrant and was for the same DWI offense for which K.J.H. had previously been arrested in February 2010.

hearing, the trial judge signed an order expunging the records of each arrest except those pertaining to the conviction for obstructing a highway.

In its sole appellate issue, DPS argues that the trial court erred by signing an order expunging the records of K.J.H.'s DWI arrest that resulted in a subsequent conviction for obstructing a highway. K.J.H. has not alleged, and the record does not establish, that she was acquitted or pardoned for the misdemeanor DWI charge, as required for expunction under article 55.01(a)(1)(A) or (b)(1). *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A), (B)(2)(A)(i)(b) (West Supp. 2013) (A person who has been arrested is entitled to expunction of all records pertaining to the arrest if the person is tried and either acquitted or convicted but subsequently pardoned, or if at least one year has elapsed from the date of the arrest for a Class B or A misdemeanor and the person was not charged with a felony arising from the same transaction.); *see also Ringo v. State*, No. 09-13-00456-CV, 2014 WL 1285140, at *1 (Tex. App.—Beaumont Mar. 27, 2014, no pet.) (mem. op.).

K.J.H.'s testimony demonstrated that the indictment for misdemeanor DWI, for which she was arrested on August 10, 2010, was dismissed because K.J.H. pleaded guilty to obstructing a highway and was sentenced in that case. K.J.H. correctly notes that there is a split among the Courts of Appeals regarding whether the expunction statute is "arrest" or "charge" based. However, this Court's

precedent is clear. "[E]xpunction is unavailable if the offense resulted in *any* final conviction." *Ringo*, 2014 WL 1285140, at \*2 (citing *In re J.O.*, 353 S.W.3d 291, 293-94 (Tex. App.—El Paso 2011, no pet.)) (emphasis added). Because the charge resulted in a final conviction, K.J.H. is not entitled to an expunction. *See id.* Accordingly, we sustain DPS's issue. We affirm the trial court's expunction order as to K.J.H.'s arrests of April 20, 2007, and February 17, 2010, and we reverse the trial court's order as to the arrest of August 10, 2010, and render judgment that K.J.H. is not entitled to expunction of records pertaining to the arrest of August 10, 2010.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 31, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.

5