**In the Matter of the Expunction of A.G.**

No. 08–12–00174–CV.

Court of Appeals of Texas, El Paso.

Oct. 16, 2013.

653

Matthew Dekoatz, El Paso, for Appellee.

Arne Carl Schonberger, Asst. County Atty., El Paso, for Appellant.

Before McCLURE, C.J., RIVERA, and RODRIGUEZ, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

Appellants, the El Paso County Sheriff's Department, El Paso County Attorney's Office, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, Records Management and Archives, Director of West Texas Community Supervision and Corrections Department, Director of El Paso County Court Administration, El Paso County Jail Magistrate, El Paso County Detention Facility, and the Justice of the Peace, Precinct 3 of El Paso County, Texas, appeal from an order granting A.G.'s petition for expunction. We reverse the portion of the trial court's order expunging the records related to cause number 890C15177 and render judgment denying the petition to expunge the records related to that cause number.

## FACTUAL SUMMARY

A.G. was arrested for driving while intoxicated on October 6, 1989. He was charged with that offense by complaint and information filed on November 17, 1989 in cause number 890C15117. On November 6, 1991, the County Court at Law No. 4 of El Paso County granted the State's motion to amend the information which added reckless conduct as a second count. On that same date, A.G. entered a guilty plea to Count II and the County Court at Law granted A.G.'s motion to admit Count I as an unadjudicated offense under Section 12.45 of the Texas Penal Code.[1] The County Court at Law found A.G. guilty of Count II and assessed his

---

1. A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty. Tex.Penal Code Ann. § 12.45(a) (West 2011). If a court lawfully takes into account an admitted offense, prosecution is barred for that offense. Tex.Penal Code Ann. § 12.45(c).

punishment at a fine of $1,000. Although the docket sheet states that Count I was dismissed, the County Court at Law did not sign an order dismissing the DWI. On April 23, 2012, the State filed a motion to dismiss the DWI because A.G. was convicted of reckless conduct in Count II. The County Court at Law granted that motion and dismissed Count I.

On February 22, 2012, A.G. filed a petition to expunge the records related to the DWI because the charge was dismissed. He also sought to expunge the records related to his arrest on four other charges. Appellants opposed expunction of the DWI records because he was convicted of reckless conduct as a result of the arrest and resulting prosecution, but they did not oppose expunction of the other four cases. Following a hearing, the trial court entered an order expunging the records of all five cases. With respect to the DWI charge, the court granted the expunction because "the charge has not resulted in a final conviction and is no longer pending."

## NO EVIDENCE

In their sole issue, Appellants raise two related arguments. First, Appellants contend that A.G. introduced no evidence in support of his petition for expunction. We have construed this argument as a challenge to the legal sufficiency of the evidence supporting the expunction order. Second, Appellants argue that A.G. is not entitled to expunction of his records because the charge resulted in a final conviction. This argument is directed specifically at one of the elements A.G. must prove in order to establish his entitlement to expunction.

■ The right to an expunction is a statutory privilege. *In re A.G.*, 388 S.W.3d 759, 761 (Tex.App.-El Paso 2012, no pet.); *In re J.O.*, 353 S.W.3d 291, 293 (Tex.App.-El Paso 2011, no pet.). When a

party holding criminal records opposes a petition for expunction, the petitioner must meet his burden of proof by submitting evidence on each element of his claim. *In re A.G.*, 388 S.W.3d at 761; *Ex parte Jackson*, 132 S.W.3d 713, 716 (Tex.App.-Dallas 2004, no pet.). All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *In re A.G.*, 388 S.W.3d at 761. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* If the statutory requirements are met, the trial court has no discretion to deny the petition. *In re A.G.*, 388 S.W.3d at 761; *In re J.O.*, 353 S.W.3d at 293; *In re S.D.*, 349 S.W.3d 76, 78 (Tex.App.-El Paso 2010, no pet.). By the same token, trial courts have no equitable power to grant expunction should the petitioner fail to establish his right to an expunction by demonstrating strict compliance with the conditions imposed by Article 55.01. *In re A.G.*, 388 S.W.3d at 761; *In re J.O.*, 353 S.W.3d at 293.

■ A legal sufficiency or "no evidence" challenge will be sustained if the party suffering the adverse decision at trial shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005); *Stanley Works v. Wichita Falls Independent School District*, 366 S.W.3d 816, 828 (Tex.App.-El Paso 2012, pet. denied). When conducting a legal sufficiency review, we must view the evidence in the light favorable to the verdict, crediting

favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller*, 168 S.W.3d at 830. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller*, 168 S.W.3d at 827.

■ A.G. sought expunction of his arrest record under Article 55.01(a)(2)(A) of Code of Criminal Procedure. To be entitled to an expunction under that statute, A.G. was required to prove that (1) he had been released and the charge, if any, had not resulted in a final conviction and was no longer pending, (2) there was no court-ordered community supervision under Article 42.12 for the offense, (3) an indictment or information charging him with the commission of any misdemeanor offense based on his arrest or charging him with a felony offense arising out the same transaction for which he was arrested, has not been presented, or if presented, was dismissed or quashed, and (4) the court found that the indictment or information was dismissed or quashed because he completed a pretrial diversion program, or because the presentment had been made because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe he committed the offense, or because the indictment or information was void. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(West Supp.2012).

Appellants and A.G. stipulated to the admission of State's Exhibit 3 which is a copy of the entire court's file in cause number 890C15117. A.G. also introduced Petitioner's Exhibit 1, which is a certified copy of the motion to dismiss the DWI filed by the State and granted by the County Court at Law on April 23, 2012. Appellants called A.G. as a witness to establish that he pled guilty to reckless conduct in exchange for dismissal of the DWI charge, but A.G. could not remember any details related to the guilty plea.

■ While the stipulated evidence establishes some of the elements, A.G. failed to offer any evidence that the charge had not resulted in a final conviction. In fact, the evidence established the contrary because A.G. entered a guilty plea to a lesser charge. A plea to a reduced charge is a final conviction rendering the petitioner ineligible for expunction of his arrest record. *See Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex.App.-Eastland 2007, no pet.) (petitioner failed to prove that charge did not result in final conviction; although theft charge was dismissed, the petitioner was convicted of Class C offense for issuing bad check; thus, charge resulted in final conviction rendering petitioner ineligible for expunction of arrest record); *Ex parte Fleck*, Cause No. 05–07–01433–CV, 2008 WL 2455102 at *2 (Tex.App.-Dallas June 19, 2008, no pet.) (petitioner ineligible for expunction of arrests for assault where he pled guilty to lesser offenses of disorderly conduct; charge resulted in final conviction); *Texas Department of Public Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.-San Antonio 1999, no pet.) (where petitioner was charged with Class B theft and entered a plea of no contest to a lesser charge, he was ineligible for expunction of his arrest record because the charge resulted in a final conviction). Accordingly, we find the evidence legally insufficient to establish that the charge did not result in a final conviction. Issue One is sustained. We reverse the portion of the trial court's order expunging the records related to cause number 890C15177 and render judgment denying the petition to expunge the records related to that cause number.