# NO. 12-14-00199-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE 7TH* |
| *EX PARTE:* | § | *JUDICIAL DISTRICT COURT* |
| *GREGORY P. HATZIS* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of Gregory P. Hatzis's arrest for driving while intoxicated. In two issues, DPS challenges the order of expunction. We reverse and render.

## BACKGROUND

Hatzis was arrested on July 7, 2012, and charged by information with driving while intoxicated. Pursuant to a plea bargain, the State dismissed Hatzis's DWI charge and charged him by information with the lesser included offense of reckless driving, a Class C misdemeanor. Hatzis then pleaded guilty to reckless driving and was convicted of that offense. The trial court assessed a $200.00 fine as his punishment.

Hatzis filed a petition with the district court to expunge any and all of the records and files arising out of his arrest on July 7, 2012. He alleged, among other reasons, that any charges against him arising out of the transaction for which he was arrested did not result in a final conviction. DPS filed an answer and general denial, stating that Hatzis did not qualify for expunction of his records because the DWI charge resulted in a final conviction for reckless driving. After a hearing in which DPS did not participate, the trial court found that each of the three statutory conditions for expunction existed[1] and that Hatzis was entitled to have the records

---

[1] *See* TEX. CODE CRIM. PROC. ANN. 55.01(a)(2)(West Supp. 2014).

of his July 7, 2012 arrest expunged. Accordingly, the trial court ordered that the records be expunged. This restricted appeal followed.

<u>EXPUNCTION</u>

In its first issue, DPS argues that Hatzis was not entitled to have his arrest records expunged because the arrest resulted in a final conviction. In its second issue, DPS contends that the order of expunction is not supported by legally sufficient evidence.

**Standard of Review**

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009).

For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Flores*, 5 S.W.3d at 819.

We review a trial court's order granting or denying expunction for "abuse of discretion." *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). However, if an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of*

*Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

**Applicable Law**

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is a civil proceeding that is governed by the rules of civil procedure. *See Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with the statutory requirements, and has no equitable power to extend the clear meaning of the statute. *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To be entitled to an expunction, Hatzis had the burden of proving that all of the statutory requirements were satisfied. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that

> (a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
> . . . .
>
> (2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor[.]

*See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2014).

The expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *S.J. v. State*, 438 S.W.3d 838, 844 (Tex. App.—Fort Worth 2014, no pet.). In other words, a person is not entitled to have any arrest records expunged under article 55.01(a)(2) when a charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest. *See Tex. Dep't of Public Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 WL 1165854, at *6 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (not yet

released for publication); ***In re A.G.***, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding petitioner failed to show charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

**Analysis**

To be entitled to an expunction under article 55.01(a)(2), Hatzis has the burden of showing by legally sufficient evidence that (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense under Texas Code of Criminal Procedure Article 42.12. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). DPS contends that there is error on the face of the record because it affirmatively shows that Hatzis did not meet the second of these requirements for expunction of his July 7, 2012 arrest. Specifically, DPS argues that because Hatzis's arrest resulted in a final conviction for reckless driving, he is not entitled to an expunction under article 55.01(a)(2). We agree.

The record shows that Hatzis was arrested on July 7, 2012, and charged with DWI. That charge was dismissed pursuant to a plea agreement between Hatzis and the State. Then, Hatzis was charged by information with reckless driving. The information showed that the conduct occurred on the same date as the conduct resulting in the DWI charge. Hatzis pleaded guilty to the "lesser included offense" of reckless driving, and was convicted for that offense. It is undisputed that the reckless driving charge arose from the same conduct for which Hatzis was arrested and charged with DWI. Moreover, the record shows that the reckless driving charge resulted in a final conviction. Consequently, Hatzis is not entitled to expunction of any records relating to his July 7, 2012 arrest. *See* ***S.J.***, 438 S.W.3d at 844; ***G.B.E.***, 2014 WL 1165854, at *6; ***In re A.G.***, 417 S.W.3d 652, 655.

We conclude there is legally insufficient evidence to support the trial court's finding that Hatzis's July 7, 2012 arrest did not result in a final conviction. Therefore, the trial court abused its discretion in granting Hatzis's petition for expunction. The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, did not file any postjudgment motions or requests for findings of fact and conclusions of law, and error is apparent on the face of the

4

record. Consequently, DPS is entitled to prevail in this restricted appeal. Accordingly, we sustain DPS's first and second issues.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of Hatzis's arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Hatzis be returned to the submitting agencies. *See **Ex parte Elliot***, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

**BRIAN HOYLE**
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 30, 2015

### NO. 12-14-00199-CV

### EX PARTE: GREGORY P. HATZIS

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 13-3026-A)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment as entered by the court below, and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of Appellee, **GREGORY P. HATZIS**, be, and the same is, hereby **reversed** and judgment is rendered that the trial court and Appellee, **GREGORY P. HATZIS,** return documents to the submitting agencies. All costs of this appeal are hereby adjudged against the Appellee, **GREGORY P. HATZIS**, for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*