# NO. 12-16-00118-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE 241ST* |
| *EX PARTE:* | § | *JUDICIAL DISTRICT COURT* |
| *TARIK SPENCER* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of Tarik Spencer's arrest for possession of marijuana. DPS presents two issues on appeal. We reverse and render.

## BACKGROUND

Spencer was arrested on March 2, 2012, and subsequently charged with possession of marijuana. Pursuant to a plea bargain agreement, the State dismissed Spencer's marijuana charge and charged him by information with possession of drug paraphernalia, a Class C misdemeanor. Spencer then pleaded guilty to and was convicted of possession of drug paraphernalia. The trial court assessed a $500.00 fine as his punishment.

In July 2015, Spencer filed a petition to expunge any and all of the records arising from the possession of marijuana charge. He alleged, among other things, that the charge did not result in a final conviction. DPS filed an answer and general denial asserting that Spencer did not qualify for expunction of his records because the marijuana charge resulted in a conviction for possession of drug paraphernalia. After a hearing in which DPS did not participate, the trial court granted Spencer's petition. This restricted appeal followed.

In its second issue, which we address first because it is dispositive, DPS contends Spencer was not entitled to have his arrest record expunged because the arrest resulted in a final conviction.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

We review a trial court's order granting or denying a petition for expunction under an abuse of discretion standard. *See* *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

## Governing Law

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See* *Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements, and has no equitable power to extend the clear meaning of the statute. *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016). The expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. ***S.J. v. State***, 438 S.W.3d 838, 844 (Tex. App.—Fort Worth 2014, no pet.). In other words, a person is not entitled to have any arrest records expunged under article 55.01(a)(2) when a charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest. *See **Tex. Dep't of Public Safety v. G.B.E.**,* 459 S.W.3d 622, 629 (Tex. App.—Austin 2014, pet. denied); ***In re A.G.***, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding petitioner failed to show charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

## Analysis

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's expunction order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *see also **Lejeune***, 297 S.W.3d at 255; *see generally **Ex parte Hatzis***, No. 12-14-00199-CV, 2015 WL 1966668 (Tex. App.—Tyler April 30, 2015, no pet.). Accordingly, we must determine whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also **Lejeune***, 297 S.W.3d at 255.

To be entitled to expunction under article 55.01(a)(2), Spencer had the burden of showing all of the following requirements: (1) he had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); ***Ex parte Green***, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). DPS contends that Spencer did not meet the second requirement for expunction of his March 2, 2012 arrest. Specifically, DPS argues that because Spencer's arrest resulted in a final conviction

for possession of drug paraphernalia, he is not entitled to an expunction under article 55.01(a)(2). We agree.

The record shows that Spencer was arrested on March 2, 2012, and charged with possession of marijuana. That charge was dismissed pursuant to a plea agreement, and he was charged by information with possession of drug paraphernalia. Spencer pleaded guilty and was convicted of that charge. It is undisputed that the drug paraphernalia charge arose from the same arrest that resulted in the marijuana charge. Moreover, the record shows that the drug paraphernalia charge resulted in a final conviction. Consequently, because both charges arose from the same arrest and the drug paraphernalia charge resulted in a final conviction, Spencer is not entitled to expunction of any records relating to his March 2, 2012 arrest. *See S.J.*, 438 S.W.3d at 844; *G.B.E.*, 459 S.W.3d at 629; *In re A.G.*, 417 S.W.3d at 655. For this reason, the trial court abused its discretion by granting Spencer's petition for expunction. *See Walker*, 827 S.W.2d at 840; *see also Heine,* 92 S.W.3d at 646.

Under these circumstances, we conclude that error is apparent on the face of the record and that DPS is entitled to prevail in this restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255. Accordingly, we sustain DPS's second issue and need not address its first issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of Spencer's March 2, 2012 arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Spencer be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

BRIAN HOYLE
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2017**

**NO. 12-16-00118-CV**

**EX PARTE:  TARIK SPENCER**

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 15-1477-C)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of **TARIK SPENCER** be, and the same is, hereby **reversed** and judgment **rendered** in favor of **THE DEPARTMENT OF PUBLIC SAFETY**, and that all costs of this appeal are hereby adjudged against **TARIK SPENCER**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*