# NO. 12-16-00072-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 217TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *JESSICA SEYMORE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of Jessica Seymore's arrest for possession of a controlled substance. DPS presents two issues on appeal. We reverse and render.

## BACKGROUND

Seymore was arrested on May 25, 2013, and charged with both driving while intoxicated (DWI) and possession of a controlled substance. The State dismissed the possession charge, and Seymore pleaded guilty to and was convicted of the DWI offense. The court sentenced Seymore to one year of community supervision and a $745.00 fine.

In November 2015, Seymore filed a petition with the district court to expunge any and all of the records arising from the May 25, 2013 possession charge, along with another unrelated arrest. She alleged that the possession charge was dismissed and did not result in a final conviction. The court originally set the petition for hearing on December 3, 2015, but the hearing did not take place until December 28, 2015. At that hearing, the court granted Seymore's petition.

DPS, who did not attend the hearing, filed its original answer and general denial on January 6, 2016. After learning that the expunction had been granted, DPS filed a motion for new trial alleging that it did not receive notice of the hearing being reset and that the May 25,

2013 arrest could not be expunged because Seymore was convicted of DWI. The trial court did not rule on the motion for new trial. This appeal followed.

**EXPUNCTION**

In its first issue, DPS contends that Seymore was not entitled to have her arrest record expunged because the arrest resulted in a final conviction. In its second issue, DPS urges the court erred by failing to provide DPS with notice of the expunction hearing.

## Standard of Review

We review a trial court's order granting or denying a petition for expunction for abuse of discretion. *See **Heine v. Tex. Dep't of Pub. Safety**,* 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." ***E.I. du Pont de Nemours & Co. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See **Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. ***Id***.

## Governing Law

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See **Carson v. State***, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements, and has no equitable power to extend the clear meaning of the statute. ***Harris Cnty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor.

2

*See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016). The expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *S.J. v. State*, 438 S.W.3d 838, 844 (Tex. App.—Fort Worth 2014, no pet.). In other words, a person is not entitled to have any arrest records expunged under article 55.01(a)(2) when a charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest. *See Tex. Dep't of Public Safety v. G.B.E.,* 459 S.W.3d 622, 629 (Tex. App.— Austin 2014, pet. denied); *In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding petitioner failed to show charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

**Analysis**

To be entitled to expunction under article 55.01(a)(2), Seymore had the burden of showing all of the following requirements: (1) she had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). DPS contends that Seymore did not meet the second requirement for expunction of her May 25, 2013 arrest. Specifically, DPS argues that because Seymore's arrest resulted in a final conviction for DWI, she is not entitled to an expunction under article 55.01(a)(2). We agree.

The record shows that Seymore was arrested on May 25, 2013, and charged with DWI and possession of a controlled substance. Although the possession charge was dismissed, Seymore pleaded guilty to DWI. She was convicted for that offense and sentenced to one year of community supervision. It is undisputed that the possession charge arose from the same arrest that resulted in the DWI charge. Moreover, the record shows that the DWI charge resulted in a final conviction. Consequently, because both charges arise from the same arrest and the DWI charge resulted in a final conviction, Seymore is not entitled to expunction of any records relating to her May 25, 2013 arrest. *See S.J.*, 438 S.W.3d at 844; *G.B.E.*, 459 S.W.3d at 629; *In re A.G.*, 417 S.W.3d at 655. Accordingly, we sustain DPS's first issue and need not address its second issue. TEX. R. APP. P. 47.1.

<u>**DISPOSITION**</u>

We *reverse* the trial court's judgment granting expunction of Seymore's May 25, 2013 arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Seymore be returned to the submitting agencies. *See **Ex parte Elliot***, 815 S.W.2d 251, 252 (Tex. 1991) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

<u>**GREG NEELEY**</u>
Justice

Opinion delivered March 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2017**

**NO. 12-16-00072-CV**

**EX PARTE: JESSICA SEYMORE**

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00710-15-11)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the judgment of the trial court in favor of **JESSICA SEYMORE** be, and the same is, hereby **reversed** and judgment **rendered** in favor of **THE DEPARTMENT OF PUBLIC SAFETY**, and that all costs of this appeal are hereby adjudged against **JESSICA SEYMORE**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*