

# NUMBER 13-17-00295-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE MARCO MARTINEZ

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

By its sole issue, appellant, the Texas Department of Public Safety (the Department) challenges the trial court's granting of appellee Marco Martinez's motion to expunge his arrest for possession of marijuana, a Class B misdemeanor, and possession of drug paraphernalia, a Class C misdemeanor. *See* Tex. Health & Safety Code §§ 481.121, 481.125 (West, Westlaw through 2017 1st C.S.); *see* Tex. Code Crim. Proc. Ann. § 55.01 (West, Westlaw through 2017 1st C.S). We reverse and remand.

# I.    BACKGROUND

Martinez was charged with possession of marijuana and possession of drug paraphernalia on May 15, 2014.    *See* TEX. HEALTH & SAFETY CODE §§ 481.121, 481.125. On October 31, 2014, Martinez entered into an agreement with the District Attorney's Office to be placed on the pre-trial diversion program for the possession of marijuana offense.    On April 29, 2015, the State filed a motion to dismiss the case stating Martinez had successfully completed the pre-trial diversion program.

On August 19, 2014, Martinez pleaded nolo contendere to the possession of drug paraphernalia charge, was found guilty by the municipal court, and was fined $477.10.

Martinez subsequently filed his motion to expunge both the possession of marijuana and possession of drug paraphernalia charges.    The Department and the Corpus Christi City Attorney's Office filed an answer and general denial.    On December 8, 2016, the trial court held a hearing on the motion to expunge and took judicial notice of Martinez's petition.    The State appeared and said it had no objection to the expunction. The trial court asked the parties:

Trial Court:    What about the DPS objection?    Was there a DPS objection?

Martinez:    There was, but that since has been taken care of.    We've—we're back here again, and they haven't filed anything new or appeared, so.

The trial court then granted Martinez's expunction.    The Department filed its restricted appeal on June 8, 2017.[1]

---

[1]    The City Attorney's Office did not appear at the hearing, file an appeal, and are not a party to this appeal.

## II.    RESTRICTED APPEAL

### A.    Standard of Review

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure.    *See* TEX. R. APP. P. 30.    When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal.    *See id.*    When addressing a restricted appeal, our review is limited to the face of the record.    *Ex Parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi 2016, no pet.).    For these purposes, the "face of the record" consists of all papers that were before the trial court at the time it rendered judgment.    *Id.*

To sustain a restricted appeal, the filing party must prove:    (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the fact of the record.    *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

### B.    Applicable Law and Discussion

In order to be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal.    We agree the Department filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required.    However, the third prong required the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court.    *See Pike-Grant*, 447 S.W.3d at 886.

3

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Id*.; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). "The nature and extent of participation precluding a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a myriad of procedural settings." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). The question is whether the appellant has participated in "the decision-making event" that results in the judgment adjudicating appellant's rights. *Id*.; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable proceeding. *Texaco, Inc.*, 925 S.W.2d at 590. "[A restricted appeal] appellant is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id*.; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.—Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.); *see also McBride v. Mail Sys. Coordinator's Panel*, No. 13-05-560-CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.).

The Department filed its answer and general denial. It is not clear from the face of the record what Martinez's counsel was referring to when he stated to the trial court "it has been taken care of." Therefore, we find that the Department did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike-Grant*, 447 S.W.3d at 886.

4

Having concluded the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### III. EXPUNCTION

By two issues, the Department argues that (1) Martinez was not entitled to the expunction and (2) Martinez failed to present legally sufficient evidence to support his expunction.

#### A. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc). A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *Id.* However, to the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling *de novo* because the trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi 2014, pet. denied).

#### B. Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.). Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Vega*,

5

510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id*. And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id*. It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

The Department's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review *de novo*. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall,* 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn,* 209 S.W.3d 83, 87 (Tex. 2006) (citing Tex. Gov't Code Ann. § 311.023(1) (West, Westlaw through 2017 1st C.S.)).

### C. Discussion

To establish entitlement to expunction based on dismissal under article

55.01(a)(2), Martinez was required to prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A); *see also Tex. Dep't. of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd).

The Department argues that Martinez was not entitled to an expunction because he pleaded guilty to the Class C possession of drug paraphernalia charge and it arose out of the same arrest as the possession of marijuana charge.

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). The statutory language contemplates expunging all of the records related to an arrest but makes no provision for expunging records related to a particular charge that resulted from an arrest. *See id.*; *see also Ex Parte Vega*, 510 S.W.3d at 550 (interpreting article 55.01(a) in the same manner); *G.B.E.*, 459 S.W.3d at 629. If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute. *See S.J. v. State,* 438 S.W.3d 838, 843 (Tex.App.–Fort Worth 2014, no pet.); *see also Ex parte S.C.,* 305 S.W.3d 258, 263 (Tex.App.–Houston [14th Dist.] 2009, no pet.) (holding that an expunction order was overbroad because the Legislature did not include language allowing a person to expunge records "relating to the investigation" or "resulting in" or

7

"contributing to" an arrest). Furthermore, the statute does not make the availability of expunction turn on whether a charge was filed following the arrest, but requires that "the charge, if any" is not still pending and did not have certain results. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also S.J.,* 438 S.W.3d at 843. Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is "not entitled to have any arrest records expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest." *G.B.E.*, 459 S.W.3d at 629 (emphasis in original); *see In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding that petitioner failed to show that charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

Martinez was originally arrested for a Class B possession of marijuana and a Class C possession of drug paraphernalia. *See* TEX. HEALTH & SAFETY CODE §§ 481.121, 481.125. Although Martinez's possession of marijuana case was dismissed following the successful completion of pre-trial diversion, he was found guilty on the possession of drug paraphernalia charge. *See id.* Because of the guilty finding, we hold that Martinez failed to meet the requirements of article 55.01(a). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Martinez was not tried and acquitted or pardoned. Therefore, Martinez did not meet the requirements of article 55.01(a)(1). Martinez also failed to satisfy article 55.01(a)(2) because the record shows that, although the possession of marijuana charge was dismissed, Martinez was convicted of the Class C offense for possession of drug

8

paraphernalia. Thus, the charge resulted in a final conviction rendering Martinez's records ineligible for expunction. *See Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.); *see also Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.).

We sustain the Department's first issue.

### III. CONCLUSION

We reverse the granting of Martinez's expunction and remand to the trial court for proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of May, 2018.