# NO. 12-17-00373-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                     |   |                           |
|---------------------|---|---------------------------|
|                     | § | *APPEAL FROM THE 420TH*   |
| *EX PARTE C.Z.D.*   | § | *JUDICIAL DISTRICT COURT* |
|                     | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of C.Z.D.'s arrest for possession of a controlled substance. DPS presents four issues on appeal. We reverse and render.

## BACKGROUND

C.Z.D. was arrested on September 22, 2015, and subsequently charged by indictment with possession of a controlled substance, tetrahydrocannabinol, in the amount of four grams or more but less than 400 grams, a second degree felony. The State dismissed the possession of a controlled substance charge and charged him with possession of marijuana in an amount of two ounces or less, a Class B misdemeanor. C.Z.D. pleaded "guilty" and was sentenced to six months deferred adjudication community supervision.

In May 2017, C.Z.D. filed a petition to expunge the records relating to the felony offense of possession of a controlled substance. He alleged that he received and completed pre-trial diversion for the offense. DPS filed an answer and general denial asserting C.Z.D. did not qualify for expunction of his records because the controlled substance charge resulted in court-ordered community supervision for the marijuana charge. The trial court granted C.Z.D.'s petition without a hearing. This restricted appeal followed.

In its first issue, DPS contends C.Z.D. was not entitled to have his records expunged because he served community supervision as a result of the arrest.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; ***Ins. Co. of State of Penn. v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. ***Norman Commc'ns v. Tex. Eastman Co.***, 955 S.W.2d 269, 270 (Tex. 1997); ***Flores v. Brimex Ltd. P'ship***, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

We review a trial court's order granting or denying a petition for expunction under an abuse of discretion standard. *See* ***Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." ***E.I. du Pont de Nemours & Co. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

## Governing Law

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See* ***Carson v. State***, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements, and has no equitable power to extend the clear meaning of the statute. ***Harris Cty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2018). The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests. *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). Thus, the expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *Id*. at 844; *see* BLACK'S LAW DICTIONARY 116, 248, 1110 (8th ed. 2004) (defining an "arrest," in pertinent part, as a "taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge," whereas a "charge" accuses someone of an offense, i.e., a "violation of the law"); *but see State v. T.S.N.*, No. 17-0323, 2018 WL 2169785, at *6 (Tex. March 1, 2018) (holding that Article 55.01 is not entirely arrest-based but declining to address the specifics of 55.01(a)(2)). In other words, a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in a final conviction of any charge arising from the same arrest. *See Tex. Dep't of Public Safety v. G.B.E.,* 459 S.W.3d 622, 629 (Tex. App.—Austin 2014, pet. denied); *In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding petitioner failed to show charge had not resulted in final conviction under current version of Article 55.01 because petitioner pleaded guilty to reckless driving).

## Analysis

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in any hearing that resulted in the trial court's expunction order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255; *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.) (DPS, as a state agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal); *see generally, Ex parte Hatzis*, No. 12-14-00199-CV, 2015 WL 1966668 (Tex. App.—Tyler April 30, 2015, no pet.) (mem. op). Accordingly, we must

determine whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255.

To be entitled to expunction under Article 55.01(a)(2), C.Z.D. had the burden of showing all of the following requirements: (1) he had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). DPS contends that C.Z.D. did not meet the fourth requirement for expunction. Specifically, DPS argues that because C.Z.D. served community supervision as a result of the arrest, he is not entitled to an expunction under Article 55.01(a)(2). We agree.

The record shows that C.Z.D. was arrested on September 22, 2015, and charged with possession of a controlled substance, a felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(d) (West 2017). That charge was dismissed. C.Z.D. was then charged with possession of marijuana, a misdemeanor. *See id*. § 481.121(b)(1) (West 2017). He pleaded guilty and was sentenced to six months of deferred adjudication community supervision. It is undisputed that the possession of marijuana charge arose from the same arrest that resulted in the possession of a controlled substance charge. Moreover, the record shows that the possession of marijuana charge resulted in court-ordered community supervision. *See Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ) (deferred adjudication is court-ordered community supervision even if defendant not under any court-imposed conditions, other than paying a fine and court costs). Consequently, because both charges arose from the same arrest and the possession of marijuana charge resulted in community supervision, C.Z.D. is not entitled to expunction of any records relating to his September 22, 2015 arrest. *See S.J.*, 438 S.W.3d at 845; *Ex parte T.C.,* No. 12-13-00138-CV, 2014 WL 4104806, at *3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (mem. op.) (because court imposed deferred adjudication, T.C. received "court ordered community supervision" under Article 42.12 for purposes of expunction statute, and was ineligible for expunction of her theft arrest records). For this reason, the trial court abused its discretion by granting C.Z.D.'s petition for expunction. *See Walker*, 827 S.W.2d at 840; *see also Heine,* 92 S.W.3d at 646.

Under these circumstances, we conclude that error is apparent on the face of the record and that DPS is entitled to prevail in this restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30; *see*

*also Lejeune*, 297 S.W.3d at 255. Accordingly, we sustain DPS's first issue and need not address its remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of C.Z.D.'s September 22, 2015 arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to C.Z.D. be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

GREG NEELEY
Justice

Opinion delivered June 20, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 20, 2018

NO. 12-17-00373-CV

EX PARTE C.Z.D.

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C1732785)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment granting expunction of **C.Z.D.'s** September 22, 2015 arrest, that judgment is **reversed** and judgment is **rendered** denying expunction of C.Z.D.'s September 22, 2015 arrest. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **C.Z.D.**, for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*