

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00462-CV

S.J.                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2013-10755-16

----------

## OPINION

----------

In one issue, appellant S.J. appeals the trial court's order denying his petition for expunction of records concerning his arrest for aggravated assault.[1] On an issue of first impression in this court, we conclude that chapter 55 of the code of criminal procedure authorizes expunction of records concerning an arrest

---

[1]*See* Tex. Code Crim. Proc. Ann. arts. 55.01, .02, § 3(a) (West Supp. 2013).

and not concerning distinct offenses arising from an arrest.  Therefore, we hold that appellant is not entitled to expunction because he cannot satisfy the statutory requirements for all charges arising from his arrest.  We affirm.

**Background Facts**

In September 2013, appellant filed a petition for expunction of records concerning his January 19, 2010 arrest for aggravated assault, which occurred in Denton County.  He alleged that the trial court's case relating to that arrest had been dismissed in September 2010 and that the statute of limitations had expired.  He also asserted that the charge had not resulted in a final conviction and was no longer pending.  He asked the trial court to order several governmental entities and officials to remove records concerning the arrest.

The State filed an answer to the petition, contending that appellant was "barred from expunging any records [relating to the aggravated assault arrest] because individual charges cannot be expunged when the arrest resulted in court-ordered community supervision for another offense."  The State contended that after appellant's arrest and May 2010 indictment for aggravated assault, he entered into a plea bargain in September 2010 in which he pled nolo contendere to terroristic threat (a misdemeanor under the circumstances of this case)[2] in exchange for dismissal of the aggravated assault charge (a felony).[3]  The State

---

[2] *See* Tex. Penal Code Ann. § 22.07(a), (c) (West 2011).

[3] *See id.* § 22.02(a)–(b) (West 2011).

2

asserted that as part of the plea bargain with respect to the terroristic threat charge, a county criminal court had deferred its adjudication of appellant's guilt and had placed him on community supervision for twelve months. Finally, the State argued, "[Appellant] pleaded [nolo contendere] to Terroristic Threat[,] thereby admitting that his arrest was not wrongful."

To its answer, the State attached a copy of the September 2010 combined motion and order dismissing the aggravated assault case in the trial court.[4] The motion stated,

> NOW COMES the State of Texas, . . . and respectfully requests the Court to dismiss the above entitled and numbered cause.
>
> The Defendant is pleading guilty to terroristic threat [in the county criminal court's cause number]. As a part of the plea agreement the State is dismissing this instant case in the interest of justice.

The State also attached a copy of the county criminal court's order granting deferred adjudication of appellant's guilt for terroristic threat. The order stated that appellant had pled nolo contendere to committing terroristic threat on January 19, 2010 and that the county criminal court had found that the evidence substantiated appellant's guilt for that offense.

The trial court held a hearing on appellant's petition. Appellant testified that he had been arrested on January 19, 2010 for aggravated assault and that the charge had been dismissed. He also testified that contrary to the language in

---

[4]*See* Tex. Code Crim. Proc. Ann. art. 32.02 (West 2006).

3

the State's motion to dismiss the aggravated assault case, he did not plead guilty to terroristic threat and had never acknowledged wrongdoing for any event that occurred on January 19, 2010. On cross-examination by the State, appellant testified that he did not know the facts that supported the State's charge for terroristic threat. After the State represented that both offenses alleged the same victim and date, the trial court stated, "I find it a little incredible to believe that this Defendant had no idea what he was pleading to when he pled to a terroristic threat."

The trial court denied appellant's petition for expunction. Appellant brought this appeal.

## Statutory Requirements for Expunction

Appellant contends only that the trial court erred by denying his petition. We review a trial court's decision denying a petition for expunction for an abuse of discretion. *See Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.). "When . . . the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment. We must

4

then affirm the judgment of the trial court on any legal theory that finds support in the evidence." *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd) (citation omitted).

**The purpose of expunction**

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from governmental entities' and officials' records if he meets the requirements of article 55.01 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege, and the petitioner bears the burden of demonstrating that all of the required statutory conditions have been met. *Nail*, 305 S.W.3d at 675; *see* Tex. Code Crim. Proc. Ann. art. 55.01; *In re I.V.*, 415 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.) (stating that in a "statutory cause of action, all provisions are mandatory and exclusive"); *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The trial court . . . has no equitable power to extend the protections of the expunction statute beyond its stated provisions.").

The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests. *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) (citing *Tex. Dep't of Pub. Safety v. Failla*, 619 S.W.2d 215, 217 (Tex. Civ. App.—Texarkana 1981, no writ)); *see also* Tex. Gov't

Code Ann. § 311.023(1) (West 2013) (stating that in construing a statute, we may consider the object sought by the law); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 87 (Tex. 2006) (construing a statute's purpose while interpreting it). For example, the statute is not "intended to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea to expunge arrest and court records concerning that offense." *J.T.S.*, 807 S.W.2d at 574 (quoting *Failla*, 619 S.W.2d at 217). When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records "in subsequent punishment proceedings, including subsequent applications for probation." *Id.*

Our sister courts of appeals have repeatedly held that an arrest is not wrongful for purposes of the expunction statute when the defendant admits guilt with respect to an offense arising from the arrest. *See, e.g.*, *In re O.R.T.*, 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no pet.); *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.) (en banc op. on reh'g); *Harris Cnty. Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex. App.—Houston [1st Dist.] 1993, no writ). Likewise, in our view, an arrest is not wrongful when, as here, a defendant pleads nolo contendere to an offense arising from the arrest[5] and, as required by the code of criminal procedure, a

---

[5]It is evident that appellant's terroristic threat charge arose from his January 19, 2010 arrest. The county criminal court's order granting deferred adjudication states that the terroristic threat occurred on January 19, 2010. The State represented at the expunction hearing that the victim of appellant's

6

court finds that evidence substantiates the defendant's guilt while deferring a formal adjudication of guilt. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2013); *C.S.S. v. Tex. Dep't of Pub. Safety*, No. 03-10-00707-CV, 2012 WL 2989240, at \*2–3 (Tex. App.—Austin July 24, 2012, pet. denied) (mem. op.) (concluding that when a petitioner pleads nolo contendere to a misdemeanor offense and successfully completes deferred adjudication community supervision, the petitioner is not entitled to expunction of arrest records connected to the offense); *Tex. Dep't of Pub. Safety v. Bernstein*, No. 05-97-00306-CV, 1997 WL 606751, at \*1 (Tex. App.—Dallas Oct. 2, 1997, no pet.) (not designated for publication) ("[T]he statute was not intended to allow a person who pleads guilty to an offense and receives probation to expunge arrest . . . records concerning that offense. The same rationale applies to petitioners who plead nolo contendere." (footnote omitted)).

**Chapter 55's arrest-based scheme**

Despite the indication that appellant's arrest was not wrongful because it was supported by evidence of his guilt for terroristic threat, he argues that the trial court abused its discretion by denying his petition for expunction because he

terroristic threat charge was the same victim of the aggravated assault offense. Appellant pled nolo contendere to terroristic threat in exchange for dismissal of the aggravated assault charge alleged to have occurred on the same day. Appellant concedes on appeal that he received "deferred adjudication of terroristic threat with an identical offense date and complaining witness" as the aggravated assault offense, and he does not direct us to any evidence indicating that the aggravated assault and terroristic threat charges arose from different arrests or different conduct involving the same victim on the same day.

met all of article 55.01's requirements with respect to the aggravated assault charge. Article 55.01 provides, in pertinent part,

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, . . . provided that:
>
> . . . .
>
> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B).

Relying on this language, appellant contends that he is entitled to an expunction because with regard to his aggravated assault charge only, he was released, the charge did not result in a final conviction or community supervision, and limitations has expired. Appellant does not argue that he would be entitled to expunction of records regarding his terroristic threat charge. The State argues, in part, that allowing a person to expunge records concerning individual charges when there is no suggestion that the arrest that resulted in the charges was wrongful would be contrary to the primary purpose of the expunction statute: expunging records of wrongful arrests. *See J.T.S.*, 807 S.W.2d at 574.

8

When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. Tex. Gov't Code Ann. § 312.005 (West 2013); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007) (op. on reh'g). To discern that intent, we begin with the statute's words. Tex. Gov't Code Ann. §§ 312.002–.003 (West 2013); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results that the legislature could not possibly have intended. *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). We consider statutes as a whole rather than their isolated provisions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). We presume that the legislature chooses a statute's language with care, deciding to include or omit words for a purpose. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008).

At the outset of our analysis, we recognize that despite being amended on several occasions, article 55.01 is not a model of clarity. Texas appellate courts have applied it in diverging ways over the course of the last twenty years, as discussed below. The first phrase in chapter 55, however, appears to be the clearest expression of what records are subject to expunction; it conveys that a person who meets the requirements of article 55.01 is entitled to have "*all* records and files *relating to the arrest* expunged." Tex. Code Crim. Proc. Ann. art. 55.01 (emphasis added). Notably, this phrase does not purport to allow for

9

less than all records relating to a single arrest to be expunged, nor does it condone expunction of records by dissecting related offenses. *Cf. Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[A]rticle 55.01 does not . . . state that a person may obtain expunction of records 'relating to the investigation' or 'resulting in' or 'contributing to' the arrest, using these or similar terms. We presume that, if the Legislature had intended to allow expunction of these . . . records, it would have so specified." (citation omitted)). Article 55.01 establishes that expunction does not depend on the filing of any charge after the arrest but that if any charge is filed, its resolution must meet certain conditions for "all . . . arrest" records to be expunged. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (requiring the petitioner to establish release from confinement and that the charge arising from the arrest, "if any," has not caused certain results).

Although other provisions within article 55.01 discuss the disposition of an offense arising from an arrest as a means of describing when records relating to an arrest may be expunged, chapter 55, from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges.[6] For example, another part of article 55.01 states that a person

---

[6]An arrest is a "threshold requirement under the expunction statute." *Carson v. State*, 65 S.W.3d 774, 779 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh'g). A person is arrested when the person is "actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." Tex. Code Crim. Proc. Ann. art. 15.22 (West 2005). Articles 15.22 and 55.01, read together,

10

may not "expunge records and files *relating to an arrest* that occurs pursuant to a warrant" for violating conditions of community supervision, leaving no room for expunction of records relating to separate charges that may arise from the arrest. *Id.* art. 55.01(a-1) (emphasis added). The next provision states that a person who absconds after being released on bail following an arrest is not eligible under some subarticles "for an expunction of the records and files *relating to that arrest.*" *Id.* art. 55.01(a-2) (emphasis added).

Article 55.02 states that when an expunction is granted, each official or agency named in the order shall either return expunged records to the court (for later destruction or delivery to the petitioner) or, if return is "impracticable," obliterate all portions of the record or file that identify the "person who is the subject of the order" (rather than, for example, the offense or charge that is subject to the order). *Id.* art. 55.02, § 5(a), (d). Article 55.02 does not appear to allow for selective, content-based redaction or return of records within an arrest file relating to one out of multiple offenses.[7] *See id.*

Article 55.03 states that when an expunction order is final, the maintenance of "expunged records and files" (rather than expunged information contained within records or files) for any purpose is prohibited, and the "person

---

appear to allow for records relating to one restraint or placement into custody to be expunged if article 55.01's conditions are met.

[7]Such a standard could lead to inconsistent relief, as officials and agencies each containing expunged records could make varying determinations of what part of the records relate to the expunged offense as opposed to other offenses.

11

arrested may deny the *occurrence of the arrest*" (rather than denying a partial basis for an arrest or the occurrence of a charge arising from an arrest). *Id.* art. 55.03 (West 2006) (emphasis added). Article 55.04 provides for criminal prosecution of someone who knows of an order expunging the records and files relating to "an arrest" (not "an offense" or "a charge") and knowingly uses the records or files. *Id.* art. 55.04, § 1 (West 2006).

Considering chapter 55's provisions, several of our sister intermediate appellate courts have held that the chapter's expunction scheme is arrest-based and that expunction is not available for less than all offenses arising from one arrest. For example, in *Dicken*, the San Antonio court considered whether Dicken was entitled to expunction of records concerning possession of a controlled substance when a driving while intoxicated (DWI) charge, which Dicken pled guilty to and was convicted of, arose from the same arrest. 415 S.W.3d at 477–78. Although Dicken argued that article 55.01 is "an 'offense based' statute whereby offenses are divisible for purposes of expunction," the San Antonio court disagreed, explaining, "The plain language reading of article 55.01(a)(2) clearly requires a court to expunge all records and files relating to the arrest when there was no final conviction and no court-ordered community supervision. The statute does not address or make allowances for expunction of individual offenses stemming from an arrest." *Id.* at 479–80 (citation omitted).

Similarly, in *M.M.*, the Austin court considered the availability of expunction for DWI and assault of a public servant, which did not yield convictions but arose

12

from the same arrest as a resisting arrest charge to which M.M. pled nolo contendere. 354 S.W.3d at 921–22 (applying a former version of article 55.01). The Austin court held that an expunction was not available for records connected to the DWI and assault charges, stating,

> M.M. contends on appeal that the trial court did not err in granting her petition for expunction because she satisfied all of the requirements of the expunction statute with respect to her DWI and assault charges. She asserts that the unit of expunction is "the criminal conduct [that] forms the basis for a criminal charge," not the criminal conduct that forms the basis for an arrest, which could include several separate criminal charges. In other words, she contends that the legislature's use of the term "the arrest" . . . refers to each charge arising from the arrest and that her DWI and assault charges can therefore be divorced from the other charge and individually expunged. We disagree. Based on the plain language of the . . . expunction statute, we conclude that the statute only speaks to expunging the records relating to an arrest, not individual records relating to a charge arising from an arrest.
>
> . . . .
>
> . . . [F]rom the beginning of the statute, the plain language refers to "the arrest" and grants relief related to "the arrest," not to individual charges arising from the arrest.

*Id.* at 924, 927;[8] *see also Ex parte M.R.L.*, No. 10-11-00275-CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (rejecting

---

[8]The Austin court also demonstrated that allowing the expunction of records related to only some offenses arising from a multi-offense arrest would be impractical, explaining,

> The phrase "all records and files relating to" would seem broad enough to include all documents that discuss or refer to the charge that is the subject of the expunction motion even if those documents also discuss other charges that resulted from the arrest. Accordingly, provided that the requirements of article 55.01 were

13

a party's argument that "the expunction statute should apply to each charge or offense for which a person is arrested separately").[9]

Considering the prefatory statement in subarticle 55.01(a) that expunctions must apply to all records of one arrest, the remaining provisions in chapter 55 indicating that the remedy of expunction is arrest-based and that partial, content-based removal or redaction of arrest files is not contemplated or sufficient, the decisions of the majority of our sister courts holding that individual charges within an arrest are not subject to expunction, and the long-recognized intent of chapter 55 to allow expunction of only wrongful arrests, we hold that for a petitioner to be

---

met, an individual would be entitled to expunge documents that bear upon charges for which expunction was not sought, even if those charges were successfully prosecuted. Moreover, law-enforcement personnel would be forced to comb through all records pertaining to and following the arrest to see what documents mentioned the charge at issue. Nothing in the language of the former statute persuades us that the legislature intended to impose such an onerous burden on law-enforcement officials.

*M.M.*, 354 S.W.3d at 924 n.1.

[9]We note that since the decisions in *M.M.* and *M.R.L.*, the legislature met but did not amend article 55.01 to clearly express that an expunction may be granted for less than all offenses arising from a single arrest. We also recognize that over twenty years ago, one court reached the opposite conclusion and held that chapter 55 permits expunction of less than all charges arising from one arrest. *See Ex parte E.E.H.*, 869 S.W.2d 496, 498–99 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ)). That court acknowledged that it was giving article 55.01 a "liberal" and "expansive" interpretation. *Id.* Based on our analysis above, we disagree with the *E.E.H.* court that there is "no public policy reason to limit the right of expunction to an 'all or nothing' proposition." *Id.* at 498.

14

entitled to expunction under article 55.01, all charges arising from the arrest must meet that article's requirements. *See* Tex. Code Crim. Proc. Ann. art. 55.01.

Here, appellant is not entitled to expunction because he was placed on court-ordered community supervision for terroristic threat, which is a "charge" that arose from his January 19, 2010 arrest. *See id.* art. 55.01(a)(2); *M.M.*, 354 S.W.3d at 927–28; *see also Tex. Dep't of Pub. Safety v. Crawford*, No. 12-12-00072-CV, 2013 WL 776618, at *1 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) ("A person is not entitled to an expunction if she was placed on 'court ordered community supervision' . . . , which includes deferred adjudication community supervision.").

Our construction of article 55.01(a) to preclude expunction under the facts of this case—in which it is apparent that the dismissed and pled-to charges relate to a single instance of criminal conduct—does not lead to absurd results. *See Mega Child Care, Inc.*, 145 S.W.3d at 177. Instead, it comports with the principle underlying subarticle 55.01(c) and with conclusions that restrict the availability of expunction when an offense is dismissed or otherwise resolved but a lesser or separate offense arising from the arrest resulted in a conviction or remains subject to prosecution. *See* Tex. Code Crim. Proc. Ann. art. 55.01(c) (stating that a court may not order expunction relating to an "arrest for an offense for which a person is subsequently acquitted" when the person was convicted or remains subject to prosecution for at least one other offense occurring during the

15

same criminal episode);[10] *Tex. Dep't of Pub. Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 WL 1165854, at *1, *5–6 (Tex. App.—Austin Mar. 20, 2014, pet. filed); *Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.) (concluding that a petitioner failed to prove entitlement to expunction under current article 55.01 when he pled guilty to a lesser charge in exchange for dismissal); *see also Addicks v. State*, No. 03-06-00114-CV, 2007 WL 844872, at *2 (Tex. App.—Austin Mar. 21, 2007, no pet.) (mem. op.) (stating that former article 55.01 contemplated that an expunction could be available when an indictment was dismissed because it was "wrongfully brought in the first place and . . . not . . . [when] an indictment was dismissed pursuant to a plea bargain").

For all of these reasons, we hold that the trial court did not err by overruling appellant's petition for expunction, and we overrule his only issue.

---

[10]A criminal episode may include multiple arrests. *See* Tex. Penal Code Ann. § 3.01 (West 2011) (stating that a criminal episode comprises two or more offenses and may include multiple transactions); *Ingram v. State*, No. 09-10-00346-CV, 2011 WL 5299475, at *3 (Tex. App.—Beaumont Nov. 3, 2011, pet. denied) (mem. op. on reh'g). Thus, an arrest-based construction of subarticle 55.01(a) does not necessarily duplicate and render unnecessary the language of subarticle 55.01(c).

16

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's order denying his petition for expunction.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  July 10, 2014

17