# NO. 12-16-00226-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 402ND* |
|  | § | *DISTRICT COURT* |
| *RICHARD LOUDEN* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of Richard Louden's arrest for driving while intoxicated. DPS presents two issues on appeal. We reverse and render.

## BACKGROUND

Louden was arrested on July 16, 2006, and subsequently charged with driving while intoxicated. The State dismissed Louden's DWI charge and charged him with deadly conduct. Louden pleaded guilty to the deadly conduct charge. The trial court sentenced him to one year deferred adjudication community supervision.

In December 2015, Louden filed a motion to expunge all records and files relating to the DWI charge. He alleged, among other things, that there was no court-ordered community supervision for DWI. DPS filed an answer and general denial asserting Louden did not qualify for expunction of his records because the DWI charge resulted in court-ordered community supervision for the deadly conduct charge. After a hearing in which DPS did not participate, the trial court granted Louden's petition. This restricted appeal followed.

## EXPUNCTION

In its first issue, DPS contends Louden was not entitled to have his arrest record expunged because he served community supervision as a result of the arrest.

**Standard of Review**

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997); *Flores v. Brimex Ltd. P'ship,* 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

We review a trial court's order granting or denying a petition for expunction under an abuse of discretion standard. *See Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

**Governing Law**

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See Carson v. State*, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. *Tex. Dep't of Pub. Safety v. Nail,* 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements, and has no equitable power to extend the clear meaning of the statute. *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3)

2

the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016). The expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *S.J. v. State*, 438 S.W.3d 838, 844 (Tex. App.—Fort Worth 2014, no pet.). In other words, a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in community supervision for any charge arising from the same arrest. *Id.* at 845-46.

### Analysis

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's expunction order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *see also* *Lejeune*, 297 S.W.3d at 255; *see generally* *Ex parte Hatzis*, No. 12-14-00199-CV, 2015 WL 1966668 (Tex. App.—Tyler April 30, 2015, no pet.) (mem. op). Accordingly, we must determine whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also* *Lejeune*, 297 S.W.3d at 255.

To be entitled to expunction under Article 55.01(a)(2), Louden had the burden of showing all of the following requirements: (1) he had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). DPS contends that Louden did not meet the fourth requirement for expunction of his July 16, 2006 arrest. Specifically, DPS argues that because Louden's arrest resulted in community supervision for deadly conduct, he is not entitled to an expunction under Article 55.01(a)(2). We agree.

The record shows that Louden was arrested on July 16, 2006, and charged with driving while intoxicated. That charge was dismissed. Louden was then charged with deadly conduct. He pleaded guilty and was sentenced to one year of deferred adjudication community supervision. It is undisputed that the deadly conduct charge arose from the same arrest that resulted in the DWI charge. Moreover, the record shows that the deadly conduct charge resulted in court-ordered community supervision. *See Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d

523, 527 (Tex. App.—San Antonio 1997, no writ) (deferred adjudication is court-ordered community supervision even if defendant not under any court-imposed conditions, other than paying a fine and court costs). Consequently, because both charges arose from the same arrest and the deadly conduct charge resulted in community supervision, Louden is not entitled to expunction of any records relating to his July 16, 2016 arrest. *See S.J.*, 438 S.W.3d at 845. For this reason, the trial court abused its discretion by granting Louden's petition for expunction. *See Walker*, 827 S.W.2d at 840; *see also Heine,* 92 S.W.3d at 646.

Under these circumstances, we conclude that error is apparent on the face of the record and that DPS is entitled to prevail in this restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255. Accordingly, we sustain DPS's first issue and need not address its second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *reverse* the trial court's judgment granting expunction of Louden's July 16, 2006 arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Louden be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-16-00226-CV**

**EX PARTE: RICHARD LOUDEN**

Appeal from the 402nd District Court

of Wood County, Texas (Tr.Ct.No. 2015-710)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in the judgment as entered by the trial court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court in favor of Appellee, **RICHARD LOUDEN**, be, and the same is, hereby **reversed** and judgment is **rendered** in favor of Appellant, **TEXAS DEPARTMENT OF PUBLIC SAFETY**. All costs in this cause expended both in this Court and the trial court below be, and the same are, hereby adjudged against the Appellee, **RICHARD LOUDEN**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*