# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-16-00308-CV
_____

### WILLIAM E. DURHAM, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR28651**

### MEMORANDUM OPINION

William E. Durham is currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice. In this pro se appeal, he challenges the trial court's order denying his petition for expunction of records in cause number CR28651 wherein he was arrested for failure to register as a sex offender. In one issue, Durham argues that the trial court abused its discretion in denying his petition for expunction. Durham contends that he "has a statutory right to have this dismissed

1

offense removed from his record" pursuant to section "55.01 § (A)(ii)" of the Texas Code of Criminal Procedure. Article 55.01 does not contain a subsection labeled "55.01 § (A)(ii)." However, article 55.01 does contain a subsection (a)(2)(A)(ii). *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii) (West Supp. 2016).[1] Therefore, we construe Durham's issue on appeal to pertain to article 55.01(a)(2)(A)(ii) of the Texas Code of Criminal Procedure.

Durham also argues that the trial court waited over five months to set a hearing on the expunction petition, the hearing was inadequate, and that Durham complied with the statutory requirements outlined in section 2 of article 55.02 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2 (West Supp. 2016) ("Procedure for Expunction"). We affirm.

## Background Facts

In December 2010, Durham was indicted by a grand jury in Liberty County in cause number CR28475 for the felony offense of failure to comply with the sex-offender registration requirements. *Durham v. State*, No. 01-12-00459-CR, 2013

---

[1] Article 55.01(a) of the Texas Code of Criminal Procedure was amended in 2015, but the amendments were not effective until January 1, 2017. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 2.23, 2015 Tex. Gen Laws 2320, 2372-73. We will apply the article as it existed at the time of filing and before the subsequent amendment became effective. Therefore, all cites to article 55.01 refer to the statute as it existed on February 3, 2016, the date Durham filed his petition for expunction.

Tex. App. LEXIS 7301, at **1-2 (Tex. App.—Houston [1st Dist.] June 13, 2013, pet. ref'd).[2] According to Durham's petition for expunction, he was released on bond on December 23, 2010. On March 30, 2011, Durham was indicted by a grand jury in Liberty County in cause number CR28651 for the offense of "Sex Offenders Duty to Register Life/Annually" allegedly committed on or about January 16, 2011.

In a motion to dismiss, Durham alleged that cause number CR28475 was tried on April 27, 2012. In cause number CR28475, the jury found Durham guilty of the offense of failure to comply with the sex-offender registration requirements, and after Durham pleaded true to a felony-enhancement allegation in the indictment, the jury assessed punishment at twelve years in prison. *See id.* at *3.

On May 29, 2013, the State filed a motion to dismiss cause number CR28651 because Durham "was sentenced to twelve (12) years TDC in cause number CR28475." That same day, the trial court signed an Order for Dismissal in cause number CR28651. On June 13, 2013, the First Court of Appeals affirmed Durham's conviction in cause number CR28475. *See id.* at **16-17. The Court of Criminal

---

[2] The First Court of Appeals noted that the appeal of CR28475, originally filed with this Court, was transferred to the First Court of Appeals. *See Durham v. State*, No. 01-12-00459-CR, 2013 Tex. App. LEXIS 7301, at *1 n.3 (Tex. App.—Houston [1st Dist.] June 13, 2013, pet. ref'd) (citing Tex. Gov't Code Ann. § 73.001 (West 2013)).

Appeals refused discretionary review. *See In re Durham*, No. PD-0802-14, 2014 Tex. Crim. App. LEXIS 1184 (Tex. Crim. App. July 23, 2014).

On February 3, 2016, Durham filed a pro se Petition for Expunction of Records, seeking to expunge all records and files relating to cause number CR28651 arguing that the case "was dismissed by the trial court." On February 12, 2016, the trial court signed an order setting a hearing on Durham's expunction petition for July 28, 2016. At the July 28, 2016 hearing the trial court stated it "denie[d] the request for an expunction for reasons that will go unexplained." Thereafter, the trial court signed an order denying Durham's petition for expunction. Durham timely appealed.

Applicable Law and Standard of Review

The relevant section of article 55.01 at issue reads as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
. . .
(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
    (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
        . . .

4

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void[.]

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

The purpose of an expunction statute is to permit the expunction of records of wrongful arrests. *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.). "When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records 'in subsequent punishment proceedings, including subsequent applications for probation.'" *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege. *Id.* A statutory expunction proceeding is a civil rather than a criminal proceeding, and the petitioner has the burden of proving that he has strictly complied with the requirements of the expunction statute. *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Collin Cty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no

5

pet.). As set above, under section (a)(2)(A)(ii) a person is entitled to expunction following a dismissal of an indictment if the person proves (1) he has been released; (2) the charge has not resulted in a final conviction; (3) the charge is no longer pending; (4) there was no court-ordered community supervision under article 42.12 of the Code of Criminal Procedure; and (5) the indictment was dismissed or quashed (a) because the person completed a pretrial intervention program under section 76.011 of the Government Code or (b) because the indictment's presentment was due to "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense[]" or (c) because the indictment was void. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). Simply because the charges may have been dismissed does not, by itself, entitle a petitioner to expunction. *See id.*

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Generally, when the petitioner alleges that he is entitled to an expunction under article 55.01(a), if the petitioner meets conditions and provisions of the statute, the trial court has no discretion but to grant the petition. *In re J.O.*, 353 S.W.3d 291, 293 (Tex. App.—El

6

Paso, 2011, no pet.). We review a trial court's interpretation or application of expunction statutes de novo. *T.C.R. v. Bell Cty. Dist. Attorney's Office*, 305 S.W.3d 661, 668-69 (Tex. App.—Austin 2009, no pet.). "'When . . . the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment.'" *S.J.*, 438 S.W.3d at 841 (quoting *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). "We must then affirm the judgment of the trial court on any legal theory that finds support in the evidence." *Id.*

Analysis

Durham does not contend that he was acquitted of the offense identified in the petition, nor does he argue that he was convicted and subsequently pardoned for that offense. Rather, Durham argues that the trial court erred in denying his petition for expunction because he has a right to expunction under article 55.01(a)(2)(A)(ii) of the Texas Code of Criminal Procedure because the charge was dismissed. Durham presented no evidence with his petition. Durham does not allege that the indictment in cause number CR28651 was dismissed because he successfully "completed a pretrial intervention" or because "the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause" at the time of the dismissal to believe Durham committed the offense. *See*

7

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). Durham also does not contend that the indictment or information was void. *See id.* Durham asserts that the "g[]ist of this Request for Expunction is simply this, [t]he case was filed against Appellant in the 75th Judicial District Court of Liberty County, Texas and subsequ[e]ntly dismissed, regardless of the reasons why the case was dismissed." Durham has failed to meet his burden to establish that the conditions outlined in the statute have been met. *See id.* The record on its face only reflects that cause number CR28651 was dismissed after Durham was sentenced to twelve years in prison in cause number CR28475.[3]

Durham also argues on appeal that the trial court violated article 55.02 of the Texas Code of Criminal Procedure by setting the expunction hearing "over five months[]" after he had filed his expunction petition, and he contends that the hearing was "inadequate[.]" Section 2(c) of article 55.02 of the Texas Code of Criminal Procedure provides that the trial court shall set a hearing on a petition for expunction "*no sooner than* thirty days from the filing of the petition" and shall give reasonable notice of the hearing to each respondent named in the petition. Tex. Code Crim.

---

[3] We note that in Durham's reply brief he concedes that his arrest in cause number CR28651 was the basis for the revocation of his deferred adjudication probation. Durham's reply brief provides no citation to the record for this assertion. *See* Tex. R. App. P. 38.1(i).

Proc. Ann. art. 55.02, § 2(c) (emphasis added). The trial court set the expunction hearing for July 28, 2016. The trial court did not violate article 55.02 in setting the hearing because the hearing was "no sooner" than thirty days from the filing of the petition. *See id.*

To the extent Durham argues the hearing was inadequate, "[a] trial court may rule on an expunction petition without conducting a formal hearing and without considering live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition." *Ex parte Mason*, No. 05-11-00046-CV, 2013 Tex. App. LEXIS 4536, at *6 (Tex. App.—Dallas Apr. 9, 2013, pet. denied) (mem. op.). We conclude based upon the record before us that the trial court had at its disposal all the necessary information necessary to support its denial of the expunction petition.

We conclude that Durham failed to satisfy the requirements of article 55.01, and the trial court did not err in denying his expunction petition relating to his arrest in cause number CR28651. We overrule Durham's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 15, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.