

# NUMBER 13-20-00326-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE A.G.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

By two issues, pro se appellant A.G. contends: (1) the trial court abused its discretion in denying his petition for expunction of records, and (2) his due process right to participate in the expunction hearing was violated. We affirm.

### I.     BACKGROUND

On December 10, 2019, A.G. filed a verified petition to expunge records pertaining to a February 3, 1989 arrest for burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1). According to A.G.'s petition and its exhibits, on April 26, 1989, the Cameron

County District Attorney's Office charged A.G. for burglary of a habitation by information in trial court cause number 89-CR-411-E. On June 19, 1989, the State filed a motion to dismiss on grounds that A.G. was "convicted in another cause," which was granted by the trial court that same day. A.G. asserted that:

> In the instant case sub judice, Petitioner was (1) released on Bond on February 8th, 1989, and was never again arrested for this charge; (2) the charge has not resulted in a final conviction, and is no longer pending, as it was Dismissed on June 19, 1989, by the State's own Motion to Dismiss; and due to Petitioner being convicted in another cause . . . ; (3) there was no court-ordered community supervision for said offense; and (4) the applicable limitations period has expired, as this is a 30 year old case. Hence, Petitioner has met the requirements entitling him to expunction of the arrest/cause at bar.

A.G. also filed a proposed order of expunction, a "Motion for Bench Warrant or in the Alternative Motion for Hearing by Conference Call," and a "Motion for Leave of Court to Proceed In Forma Pauperis," and a "Declaration of Inability to Pay Costs." The trial court granted A.G.'s motion to proceed in forma pauperis but did not rule on A.G.'s request for a bench warrant or to appear by telephone.

The Texas Department of Public Safety (DPS) filed an "Original Answer & General Denial" to A.G.'s petition for expunction. It argued A.G. was "barred from expunging any records of [his] arrest on February 3, 1989, because the arrest resulted in a final conviction and court-ordered community supervision and none of the other statutory requirements for an expunction are met." In support of its argument, DPS asserted that A.G. was arrested for the first-degree felony offense of burglary of a habitation and the misdemeanor offense of unlawful carrying of a weapon. Pursuant to a plea agreement, A.G. pleaded guilty to burglary of a building, a second-degree felony, and a lesser-

2

included offense, in exchange for dismissing the charge for burglary of a habitation. A.G. was sentenced to probation for five years. His probation was later revoked, and he was adjudicated and sentenced to confinement for five years. DPS attached to its answer, and incorporated by reference, copies of the indictment and dismissal in cause number 89-CR-411-E (burglary of a habitation charged in concert with two codefendants), copies of the indictment, order granting probation, and judgment revoking probation in cause number 89-CR-366-E (burglary of a habitation charged in concert with same two codefendants), and copies of the complaint, information, and dismissal in cause number 89-CCR-1347 (unlawful carrying of a weapon).

DPS asserted that A.G. was not entitled to expungement because his arrest resulted in a final conviction and community supervision and because a "person is not entitled to have any arrest records arising from a multi-charge arrest expunged when one or more charges result in a conviction and any dismissed charge results in a final conviction of any charge arising from the same arrest." DPS also argued that A.G. failed to meet the statutory requirements for expunction because, under article 55.01(a)(2)(A)(ii), if an indictment or information is presented, then to be entitled to an expunction, the petitioner must meet their burden of proving that it was dismissed (1) because of completion of a veterans' treatment court program or pretrial intervention program, (2) because the presentment was made due to an absence of probable cause, or (3) because it was void. *See* TEX. CODE CRIM. PROC. ANN. art 55.01(a)(2)(A)(ii). DPS argued that none of these statutory provisions applied because one charge was reduced to burglary of a building to which A.G. pleaded guilty. Finally, DPS argued that the trial

3

court lacked equitable power to extend the statute because expunction is a "statutory privilege." DPS supported its assertions with additional arguments and citations to relevant authority.

A.G. filed a "Rebuttal" to DPS's pleading. A.G. argued that in *State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018), the Texas Supreme Court held that article 55.01 is not "entirely arrest-based or offense-based." *See id.* at 623. Thus, A.G. asserted that the offense in cause number 89-CR-411-E is subject to expunction "because it did not result in a final conviction; it was dismissed; the charge has not resulted in a final conviction and is no longer pending; there was no court-ordered community supervision for the offense; and the applicable limitations period has expired."

The Cameron County District Attorney also filed an "Answer and General Denial" to A.G.'s petition for expunction in which it argued that A.G. and his codefendants burglarized two homes on February 2, 1989, in a single criminal episode. The district attorney confirmed that A.G. pleaded guilty to the lesser-included charge of burglary of a building in cause number 89-CR-366-E as part of a plea agreement that included dismissal of cause number 89-CR-411-E. The district attorney asserted that because an expunction is granted with regard to the entire arrest, not each individual charge filed, a person cannot be entitled to an expunction where he was convicted of a charge arising out of the arrest. Thus, according to the district attorney, A.G. was not eligible for an expunction of his records. The district attorney supported its answer and general denial with copies of the relevant records.

The trial court held a hearing on A.G.'s petition for expunction on May 7, 2020. The

4

clerk's record shows that A.G. did not appear at the hearing in person, by phone, or through attorney representation. The trial court denied A.G.'s petition for expunction on May 18, 2020. This appeal followed.

## II.   STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's expunction order under an abuse of discretion standard. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi−Edinburg 2016, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). The trial court commits reversible error if it does not strictly comply with the statutory procedures for expunction. *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied); *see also Tex. Dep't of Pub. Safety v. Zuniga*, No. 13-09-00611-CV, 2010 WL 2543935, at *2 (Tex. App.—Corpus Christi−Edinburg Jun. 24, 2010, no pet.) (mem. op.).

A person who was arrested for a criminal offense and who meets other statutory conditions may file a petition for expunction to have all records and files related to that arrest removed from the State's records. TEX. CODE CRIM. PROC. ANN. art. 55.01; *Vega*, 510 S.W.3d at 548. A petitioner who fails to satisfy any of the statutory requirements is not entitled to expunction as a matter of law. *Collin Cnty. Dist. Att'ys Off. v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.). Thus, a trial court abuses its discretion if it grants an expunction when the petitioner has not met all statutory conditions. *Vega*, 510 S.W.3d at 548. Trial courts possess "no equitable power to permit expunction where it is not allowed" by statute. *Id.* at 547.

5

Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure governs when a petitioner has a right to expunction of an arrest due to dismissal of the charge. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A). Article 55.01(a)(2) states that a person who has been placed under arrest of either a felony or a misdemeanor may have records and files relating to the arrest expunged if the person proves that (1) the person was released, (2) the charge, if any, did not result in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *Id*. Court-ordered community supervision includes deferred-adjudication community supervision. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 681 (Tex. App.—Austin 2010, no pet.); *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi−Edinburg 1997, no writ); *see also State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ) (explaining that the expunction statute is "not intended to allow a person who is arrested, pleads guilty to an offense, and receives probation after pleading guilty to expunge his record").

The supreme court recently held in *Ex parte R.P.G.P.* that "subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies."[1] 623 S.W.3d 313, 325 (Tex. 2021); *see also Ex parte L.M.L.*, No. 13-20-00242-CV, 2021 WL 2371757, at *4 (Tex. App.—Corpus Christi–Edinburg June 10, 2021, no pet. h.) (mem.

---

[1] As the Texas Supreme Court observes in its opinion, under the prior prevailing view, many appellate courts, including this Court, had "den[ied] expunction unless the petitioner establishe[d] that multiple offenses comprising an arrest [were] eligible for expunction." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 318 n.27 (Tex. 2021).

op.). The supreme court clarified that the "[l]egislature reserved the broad 'arising out of' transactional-relatedness standard" language found in subarticle (a)(2)(A) for felonies alone. *R.P.G.P.*, 623 S.W.3d at 325. Under article 55.01(a)(2)(A), misdemeanor offenses are eligible for expunction on an individual basis but the same is not true for felony offenses. *See id.* at 315. Stated another way, expunction under article 55.01(a)(2) is not available when the dismissal of a charged felony offense results in a final conviction of a felony offense arising from the same arrest. *Id.*; *V.E. v. Travis Cnty. Dist. Att'y*, 500 S.W.3d 652, 656 (Tex. App.—Austin 2016, no pet.); *see also Ex parte De La Garza*, No. 13–16– 00522–CV, 2018 WL 1417450, at *2 (Tex. App.—Corpus Christi−Edinburg Mar. 22, 2018, no pet.) (mem. op.). The trial court may only grant the expunction of a felony arrest if every felony offense arising from that arrest meets the requirements of article 55.01. *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.). This includes a charge that results in deferred adjudication community supervision. *Id.* at 846.

### III. ANALYSIS

A.G. asserts that the trial court abused its discretion in denying his petition for expunction of records and also violated A.G.'s due process right to participate in the expunction hearing. We address each of these issues in turn.

### A. Expunction

By his first issue, A.G. contends the trial court abused its discretion when it failed to correctly construe and interpret article 55.01(a)(2)(B) of the Texas Code of Criminal Procedure resulting in the denial of his petition for expunction of the records. A.G. contends that the February 3, 1989 burglary of a habitation charge in cause number 89-

7

CR-411-E should be expunged because it was dismissed, and although the trial court noted he "was convicted in another case," "the record is silent as to what the other case was." A.G. argues he meets the requirements of the code of criminal procedure because "the arrest for Burglary of a Habitation at bar was dismissed; Appellant was released; the charge, if any, did not and has not resulted in a final conviction and is no longer pending; there was no court-ordered community supervision for the offense; and the applicable limitations period has expired." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B). A.G. further claims that article 55.01(a)(2)(B) is a "distinct and separate alternative that the legislature allowed for the expunction of records." A.G. cites no authority for this latter position.

A.G. relies on *State v. T.S.N.* in which the Texas Supreme Court held that the petitioner was entitled to expunction pursuant to article 55.01(a)(1) because the petitioner had been acquitted of one of the offenses, even though she pleaded guilty to another of the offenses. 547 S.W.3d at 621; *see* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1). The *T.S.N.* court clarified, however, that "[t]he expunction scheme under subsection (a)(2) [was] not at issue, and [it] express[ed] no opinion about it." *T.S.N.*, 547 S.W.3d at 623. Here, A.G. did not claim he was entitled to expunction pursuant to article 55.01(a)(1) because he was acquitted or pardoned of the burglary of habitation charge. Instead, A.G. sought expunction of his records pursuant to article 55.01(a)(2). Thus, our Court's analysis pursuant to article 55.01(a)(2) is not implicated by *T.S.N.*, and *T.S.N.* has no bearing on our analysis under these facts. *See id.*

DPS claims A.G. was convicted of burglary of a building, a lesser-included felony

8

offense arising out of the same transaction as his original burglary of a habitation offense. DPS argues that A.G.'s burglary of a building offense clearly does not qualify for expunction under article 55.01(a)(2)(A)(i) or (A)(ii), because it is a felony offense arising out of the same transaction that disqualifies A.G. for expunction of the original burglary of a habitation offense even if the statute of limitations period for the higher-level offense has expired. We agree with DPS. Here, it is clear from the record that A.G. was arrested pursuant to charges for multiple related offenses as part of a criminal episode, pleaded guilty to one of those felony charges, and was placed on community supervision; thus, he is not entitled to expunction of any files and records relating to that episode. *See id.*; *Vega*, 510 S.W.3d at 547; *S.J.*, 438 S.W.3d at 846.

We conclude that A.G. failed to meet the requirements of article 55.01(a)(2) because the record shows that, although the burglary of habitation charge was dismissed, A.G. pleaded guilty to the felony charge of burglary of a building, an offense which arose out of the same criminal transaction, and he received deferred adjudication community supervision. *See R.P.G.P.*, 623 S.W.3d at 325; *Vega*, 510 S.W.3d at 547; *see also S.J.*, 438 S.W.3d at 846 (concluding that the appellant was not entitled to expunction of arrest records because he received court-ordered community supervision for a charge arising from the arrest); *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 618 (Tex. App.—El Paso 2016, no pet.) (explaining that the petitioner "was not entitled to expunction under Article 55.01(a)(2) because he failed to adduce legally sufficient evidence that he did not serve a term of court-ordered community supervision under Article 42.12 for the Class A misdemeanor offense of assault"); *Tex. Dep't of Pub. Safety v. Crawford*, No. 12-12-

9

00072-CV, 2013 WL 776618, at *2 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) (explaining that "the public policy of expunctions . . . is . . . to prevent those who have pleaded guilty and received deferred adjudication community supervision from expunging the offense"). Thus, A.G.'s arrest records are ineligible for expunction. *See Vega*, 510 S.W.3d at 547; *S.J.*, 438 S.W.3d at 845; *see also Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.) (concluding that the appellant failed to meet the requirements of expunction under article 55.01(a)(2) because the records showed that although a theft charge was dismissed, the appellant was convicted of a Class C offense for issuing a bad check); *Ex parte P.D.H.*, 823 S.W.2d 791, 793 (Tex. App.—Houston [14th Dist.] 1992, no writ) ("In the instant case, appellee pled guilty and by doing so admitted that she was not wrongfully arrested."); *De La Garza*, 2018 WL 1417450, at *3 (concluding that the expunction petitioner failed to meet the requirements of article 55.01(a)(2) because the record showed that although the petitioner's assault charge had been dismissed, as part of his plea agreement with the State, the petitioner was convicted of a Class C offense for disorderly conduct). Therefore, the trial court did not abuse its discretion when it denied A.G.'s expunction. *See Vega*, 510 S.W.3d at 547. We overrule A.G.'s first issue.

## B.    Due Process Right

By his second issue, A.G. contends that the trial court abused its discretion by denying A.G.'s "invoked due process right" to participate in the expunction hearing and give testimony at the hearing whether in person, by telephone conference call, or by some other effective means. In this regard, A.G. had filed a "Motion for Bench Warrant, or in the

Alternative, Motion for Hearing by Conference Call," requesting that he be allowed to participate in the "final hearing" on this matter. In contrast, DPS asserts that the "trial court did not err by failing to conduct a formal hearing since it had all of the information it need[ed] to resolve the issues raised in A.G.'s petition."

We agree with DPS. In short, A.G.'s claims fail as a matter of law. As we have concluded, A.G. is not entitled to expunction of the records; his appearance at a hearing would not change this result. Accordingly, we overrule A.G.'s second issue.

## IV.    CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
19th day of August, 2021.